UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| RAYMOND HUDSON, Individually and For All Others Similarly Situated<br><br>v.<br><br>ONE CALL CONCEPTS LOCATING SERVICES, INC. | Case No. 2:23-cv-09170-RPK-ST<br><br>Rule 23 Class Action<br><br>FLSA Collective Action |

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Action Settlement. As a result of the Final Approval Hearing, and based on the Preliminary Approval Order and the papers and arguments submitted in support of the Final Approval Motion, the Court issues the following Final Judgment:

(1) Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement Agreement.

(2) The Parties' Settlement Agreement is fair and reasonable, and an adequate settlement of this action, and the settlement therein, including all terms of the Settlement Agreement, is approved because it is a fair and reasonable resolution of a bona fide dispute, and the settlement will provide significant relief to the Named Plaintiffs and Participating Class Members (as defined in the Settlement Agreement);

(3) A collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 216(b), as defined in the Settlement Agreement is certified for settlement purposes.

(4) Further, each of the requisites for class certification under Fed. R. Civ. P. 23 are satisfied here, and final approval of Rule 23 class, for settlement purposes and consistent with the terms of the Settlement Agreement, is granted under Rule 23 for Defendant's employees who worked for

Defendant as hourly Utility Locators in New York who were not paid on a weekly basis at any time during the past 6 years and 228 days from the filing of the First Amended Complaint and the date of final judgment in this matter.

(5) As none of Settlement Class filed for exclusion, all individuals in the Settlement Class are bound by this Final Judgment and the terms of the Settlement Agreement.

(6) All individuals in the Fair Labor Standards Act (FLSA) collective who timely cash, deposit, or otherwise negotiate their Settlement checks within 180 days of the date the checks are issued are bound by this Final Judgment and the terms of the Settlement Agreement.

(7) Because this case has been settled at this stage of the proceedings, the Court does not reach and makes no ruling either way, as to the issue of whether the Settlement Class could have been certified in this case for litigation purposes.

(8) The Court confirms the appointment of Andrew W. Dunlap and Olivia R. Beale of Josephson Dunlap, LLP, Richard Burch of Bruckner Burch, PLLC, and Brent E. Pelton of Pelton Graham LLC as Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23(g) and the FLSA. The Court finds that Class Counsel did substantial work identifying, investigating, prosecuting, and settling the Settlement Class Members' claims. Class Counsel has substantial experience prosecuting and resolving employment class actions, particularly wage-and-hour class actions, and are well-versed in class action and wage-and-hour law.

(9) The Court finally appoints Raymond Hudson as the Class Representative and finds that he is an adequate representative of the Settlement Class.

(10) The Court finds that the notice issued to the proposed Settlement Class has been provided in accordance with the Settlement Agreement and the Court's Order Preliminarily Approving Settlement; that such notice was sent by mail (and email when possible) in an adequate and sufficient manner; and that such notice constitutes the best notice practicable under the circumstances and

satisfies the requirements of due process and Rule 23 and the FLSA. This Court further finds that the notice and the Parties are in compliance with Rule 23(c)(2), Rule 23(e) and the FLSA.

(11) The Court finds that the Settlement was arrived at as a result of arms' length negotiations conducted in good faith by counsel for the Parties, and that the Settlement is supported by the Class Representative.

(12) Finally, the reaction of Class Members to the Settlement Class has clearly been favorable as evidenced by the Parties' Final Approval pleadings in that no Class Member objected or sought exclusion from the Settlement Class.

(13) The Court approves the Gross Settlement Amount of $450,000.00, and the Net Settlement Sum of $248,526.19.

(14) The Court approves attorneys' fees to Plaintiff's Counsel in the amount of $180,000.00 of the Gross Settlement Amount as reasonable to be paid Class Counsel.

(15) The Court approves Plaintiff's attorneys' costs in the amount of $8,923.81 as reasonable and necessary to be paid to Class Counsel.

(16) The Court approves claims administrator fees in the amount of $7,550.00 as reasonable and necessary to be paid to Claims Administrator, ILYM Group.

(17) The Court approves the service award of $5,000.00 to be paid to the Named Plaintiff, as described in the Settlement Agreement.

(18) The Court approves the establishment of a Qualified Settlement Fund pursuant to 26 CFR § 1.468B-1.

(19) The Court dismisses this action, and all claims herein, with prejudice. The Court orders a full and final discharge of any and all Released Claims, as defined in the Settlement Agreement. The Court finds that all members of the Settlement Class, and all members of the FLSA collective who timely cash, deposit, or otherwise negotiate their Settlement checks, are hereby deemed to have waived

and released, to the fullest extent of applicable law, as to Defendants and/or the Released Parties, from any and all Released Claims as defined in the Settlement Agreement.

(20) It is further my Order and directive that the Parties shall fulfill and fully comply with the requirements of the Settlement. All claims alleged are hereby dismissed with prejudice, with each side to bear its own costs and attorneys' fees, except as otherwise provided by the Settlement and this Final Approval Order.

(21) Without affecting the finality of this Final Approval Order, the Court hereby reserves and retains jurisdiction over this Settlement including the administration and consummation of the Settlement.

(22) In addition, without affecting the finality of this Final Approval Order, the Court retains jurisdiction over the Parties and each Participating Class Member with respect to any suit, action, proceeding or dispute arising out of or relating to this Final Approval Order, or the applicability of the Settlement, including, but not limited to, any dispute as to whether any person is a Participating Class Member or disputes between any of the Released Parties and any Participating Class Member which in any way relates to the applicability or scope of the Settlement or the Final Approval Order.

(23) This order and final judgment dispose of all claims and prayers for relief and ends this litigation.

SIGNED on this 15TH day of AUGUST, 2025.

*Steven Tiscione*

UNITED STATES MAGISTRATE JUDGE